IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Eliben Zuniga, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br>United Mattress, Inc.,<br>and Yusef M. Darjbara,<br><br>Defendants. | Case No. 17-cv-6751<br><br><br><br>Jury demanded on all counts so triable |

## COMPLAINT

Plaintiff Eliben Zuniga ("Plaintiff"), through her attorneys, for her Complaint against United Mattress, Inc., and Yusef M. Darjbara (collectively "Defendants"), state as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") (1) failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek and (2) failure to pay all earned wages for all time worked at the rates agreed upon by the parties.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiff Eliben Zuniga resided in and was domiciled within this judicial district.

4. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of her employment, Plaintiff worked as a "mattress sewer" for Defendants.

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9. Defendant United Mattress, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant United Mattress, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, United Mattress, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

11. Defendant Yousef M. Darjbara is an officer and principal shareholder of Defendant United Mattress, Inc., and was involved in the day to day business operation of Defendant United Mattress, Inc. Defendant Yousef M Darjbara had the authority to hire

2

and fire persons employed by Defendant United Mattress, Inc., including the Plaintiff; the authority to direct and supervise the work of Defendant United Mattress, Inc., employees; the authority to sign on Defendant United Mattress, Inc., checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendant Yousef M. Darjbara was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13.  Defendant United Mattress, Inc., resides in Chicago, Illinois.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

15. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All mattress assemblers cashiers employed by Yousef M. Darjbara, and United Mattress, Inc., at any time from September 20, 2014 through the present.

16. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least 20 persons.

17. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous former

3

employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and other members of the Rule 23 Class defined as:

> All mattress assemblers cashiers employed by Yousef M. Darjbara, and United Mattress, Inc., at any time from September 20, 2014 through the present.

19. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class, but upon information and belief, aver that it consists of at least 30 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

20. There are questions of law or fact common to the Class, including but not limited to the following:

    a.  whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiffs and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

21. The claims of Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

22. Plaintiffs will fairly and adequately protect the interests of the Class. Their interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

4

Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

23. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 25 of this Complaint as though fully set forth herein.

25. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

26. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

5

27. During the course of her employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

28. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants did not compensate Plaintiff at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

31. Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law-Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 32 of this Complaint as though fully set forth herein.

33. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

34. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

35. During the course of their employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

36. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

37. Defendants did not compensate Plaintiff at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due as provided by the IMWL;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

Plaintiffs incorporate and realleges paragraphs 1 through 39 of this Complaint as though fully set forth herein.

40. This Count arises from Defendants' failure to pay Plaintiff her earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

41. During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

42. Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

43. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties.

44. Additionally, at various times Defendants made cashiers pay for shortages to their till from their wages without properly obtaining written and signed consent to do so.

45. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed to by the parties and unauthorized deductions from her pay for shortages violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: September 19, 2017

9